**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:09 PM May 31, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ELAINE M. MILLS, | ) | CASE NO. 18-42365 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Elaine Mills ("Debtor") filed a Chapter 13 bankruptcy petition on November 23, 2018. She filed her Chapter 13 plan on that same date. U.S. Bank N.A. as trustee for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2002-1 ("Creditor") filed an Amended Objection to Confirmation of Plan on April 5, 2019, asserting that Debtor's manufactured home was in fact her primary residence, and thus the cramdown included within the plan was not permitted. A confirmation hearing was held on April 11, 2019, and the matter

1

was taken under advisement. The parties were given an additional week to provide supplemental briefs if they so desired.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2), and the court has authority to issue final entries.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Creditor holds the first mortgage on Debtor's residence, a manufactured home located at 7493 Hillcrest Drive, Andover, OH 44003. Three months before the commencement of this case, USB was granted summary judgment in the Ashtabula County Court of Common Pleas (case no. 2017 CV 00606). Debtor's Chapter 13 plan, filed on November 23, 2018, attempts to cram down the claim to its secured value of $3,064.93, at an interest rate of 0%. Creditor filed Proof of Claim #7, on February 1, 2019, which listed an arrearage of $23,969.68 and a balance of $77,083.80 on the mortgage. Creditor filed an Amended Objection to Confirmation on April 5, 2019, arguing that the home meets the requirements to consider it real estate and Debtor's primary residence, thus making the claim ineligible to be modified.

## DISCUSSION

The Bankruptcy Code provides that a chapter 13 plan may modify the rights of holders of secured claims, unless such claim is "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). The Code does not, however, provide a definition of the key phrase in this provision: real property. *See* 11 U.S.C. § 101. In order to assess whether and when a manufactured home qualifies as real property, the court must look instead to state law.

In Ohio, the category of "real property" generally does not include manufactured or mobile homes, with narrow exceptions. O.R.C. Ann. § 5701.02(A). In order for a manufactured home to be considered real property, it must (1) be "affixed to a permanent foundation . . . and [be] located on land owned by the owner of the home," and (2) the certificate of title must have "been inactivated by the clerk of court of common pleas that issued it." O.R.C. Ann. § 5701.02(B)(2). The Sixth Circuit has held that when either of these requirements is not met, a manufactured home will not be considered real property under Ohio law, and will thus be subject to modification. *See*, *e.g.*, Reinhardt v. Vanderbilt Morg. & Fin., Inc. (In re Reinhardt), 563 F.3d 558 (6th Cir. 2009). More to the point, the Sixth Circuit has definitively held that a debtor's "failure to surrender the title to their mobile home" is "dispositive" in the determination of the property's status. Wallingford v. Green Tree Servicing, LLC (In re Wallingford), 524 Fed. Appx. 205, 209 (6th Cir. 2013).

2

Both Creditor and Debtor in this case refer to the explicit language used in the Judgment Entry from the Ashtabula County Court of Common Pleas as support for their positions. Creditor emphasizes that the state court held that it had the first and best lien on the manufactured home, and that the home was indeed affixed to the subject property; however, notably missing from the judgment is any definitive determination that the home had been converted to real property. Debtor points to this lack of a specific finding, and also underscores that the judgment *does* explicitly make note of the fact that the certificate of title had not yet been surrendered. In Rem Judgment Entry at 3, <u>U.S. Bank, N.A. as Trustee for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate 2002-1 v. Mills</u>, et al., 2017 CV 00606.

This court finds Debtor's point well-taken and finds that the manufactured home in question cannot thus be considered real property, as it does not meet the state law requirements. The tile was not surrendered and the home remains personal property. The cramdown proposed in the Chapter 13 plan is therefore permissible under § 1322(b)(2).[1]

Creditor raises the concern that the instant dispute would be more appropriately handled through an adversary proceeding, and in fact worries that not doing so "seems procedurally improper." Creditor refers for support to Bankruptcy Rule 7001, which establishes one type of adversary proceeding as "a proceeding to determine the validity, priority or extent of a lien or other interest in a property, *but not a proceeding under Rule 3012* or Rule 4003(d)." Bankr. R. 7001(2) (emphasis added). This matter falls squarely under Rule 3012, which addresses the determination of the amount of a claim. The disputed cramdown arises from Section 3.2 of the Chapter 13 Form Plan, the language of which states that "[t]he debtor(s) request that the court determine the value of the secured claims listed below." It is not procedurally improper to address the plan's treatment of secured claims through the confirmation hearing format, as that is clearly how the Rules, Code and Plan intended such questions to be treated.

The court will overrule the objection by separate order.

# # #


**Service List:**

**Elaine M. Mills**
P.O. Box 133
Williamsfield, OH 44093

**Robert L. Herman**
P.O. Box 21

---

[1] The court need not address Creditor's <u>Rooker-Feldman</u> argument, as there is no collateral attack being attempted in this instance: the Court of Common Pleas did not make a determination one way or another regarding the status of the subject property, and so this court's determination that the manufactured home does not constitute real property is not a rejection of any state court judgment.

Kinsman, OH 44428

**Glenn E. Algie**
3962 Red Bank Road
Cincinnati, OH 45227

**Michael A. Gallo**
5048 Belmont Avenue
Youngstown, OH 44505

4